UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

FORT MYERS DIVISION

DONALD HALL,
     Plaintiff,

vs.

James R. McDonough, Secretary,
Florida Department of Corrections,
MCI, Telecommunication Inc.,
Adro L. Johnson, Warden,
S. Porter, Assistant Warden,
B. Mount, Head Classification,
L. Stevenson, Classification,
J. W. Licata, Classification,
P. Skipper, Assistant Warden,
W. Davenport, Law Librarian,
R. Tomlinson, Major,
S. Roddenberry, Major,
Vartiainen, Mailroom Personnel,
S. C. Otwell, Lieutenant,
M. Gonnelly, CO1 Officer,
D. Frizziola, CO1 Officer,
P. Mann, CO1 Investigator Officer, are sued in
their individual and official capacities,
     Defendant (s).

CASE NO.
2:07-CV-603-FtM-34DNF
COMPLAINT

2007 SEP 17 PM 1:43

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

FILED

## Preliminary Statement

This is a civil rights action filed by the plaintiff, Donald Hall, a state prisoner, for damages and injunctive relief under 42 U.S.C. § 1983 in violation of the First, Eighth, and Fourteenth Amendments to the United States Constitution. The plaintiff also alleges torts under Florida law.

## Jurisdiction

This Court has jurisdiction over the plaintiff's claims of federal constitutional rights under 28 U.S.C. § 1331 and 1343. The Court has supplemental jurisdiction over the plaintiff's state law tort claims under 28 U.S.C. 1367.

## Parties

The plaintiff, Donald Hall, DC# 384929, at all time mentioned resides at Charlotte Correctional Institution, 33123 Oil Well Road, Punta Gorda, Florida 33955,

The defendant, James R. Donough, at all times mentioned resides at 2601 Blair Stone Road, Tallahassee, Florida 32399-2500,

The defendant, MCI, at all times mentioned resides at P.O. Box 187 Worthington Springs, Florida 32697,

The defendants, Adro L. Johnson, S. Porter, B. Mount, L. Stevenson, O. W. Licata, P. Skipper, W. Davenport, R. Tomlinson, S. Roddenberry, Vartiainen, S.C. Otwell, M. Gonnelly, D. Frizziola, and P. Mann all resides at Charlotte Correctional Institution, 33123 Oil Well Road, Punta Gorda, Florida 33955.

## Exhaustion

The plaintiff has exhausted all his administrative remedies before bringing this suit under 42 U.S.C § 1983 for the relief he's entitled. The plaintiff has made a good faith effort to resolve each heretoforth claim prior involving the court for the relief sought.

# Facts

1.  On April 26, 2006, the plaintiff, Donald Hall, DC# 384929, was gained here at Charlotte Correctional Institution placed on (CM1) Close Management One.

2.  Plaintiff's assignment requires review on a six months basis for modification promulgated by the Osterback judgment in the Florida Administrative Code (F.A.C.) 33-601.800.

3.  On October 2, 2006, the plaintiff was written a falsified (DR) Disciplinary Report by officer, M. Gonnelly, violation code 1-4, Disrespect to an Official.  App. "A"

4.  On October 4, 2006, at 1:35 P.M., classification officer, K. Cecilia, hand delivered the plaintiff's notice and recommendation to be modified to (CM II).  App "B"

5.  On October 10, 2006, approximately 9:00 A.M., the plaintiff's (DR) hearing convened, where he pleaded, not guilty.

6.  Nevertheless, the team members classification, L. Stevenson, and lieutenant, S. C. Otwell, in collusion with Gonnelly's misconduct found the plaintiff guilty based on the false statement, sentencing the plaintiff to (30)

days probation consecutive with (30) days forfeited gain-time. App."C"

7.   On the same date, the plaintiff's CM board review convened to include members, B. Mount, P. Skipper, R. Tomlinson, in concert with Gonnelly's misconduct, denied modification based on the false statement in the disciplinary report. App."D"

8.   On October 13, 2006, the plaintiff submitted Informal Grievance log # 06-510-3953; denied relief relevant Gonnelly's personnel rules violations per F.A.C. 33-208.002 (12): No Employee shall Falsify Report and Records. App."E"

9.   On October 16, 2006, the plaintiff submitted Formal Grievance appeal log # 0610-510-134 to, Adro L. Johnson, Warden, who in concert with the misconduct, failed to investigate listed witness, Jimmy Williams, who was denied statement housed adjacent plaintiff in cell # 3206. App."E"

10.  On October 23, 2006, the plaintiff submitted Formal Grievance appeal log # 06-6-29137 to, James R. McDonough, Secretary, who in collusion with the institutions response, denied relief. App."G"

11.  On October 30, 2006, the plaintiff submitted Formal Grievance appeal log # 0610-510-212 to the Warden, who in concert with Gonnelly,

denied relief. App. "H"

12. On October 31, 2006, the plaintiff gained receipt to Summary Notice and Request for Inquiry and Acknowledgement to the Attorney General, and Florida Department of Law Enforcement of Intent to File this complaint. App. "I"

13. On November 7, 2006, the plaintiff submitted Formal Grievance appeal log # 06-6-32458 to the Secretary, who in concert with the institutions misconduct, negligently failed to train and supervise staffs. App "I"

14. On February 7, 2007, the plaintiff submitted Formal Grievance appeal log # 0702-510-053 to the Warden in complain of medical and security's staffs false misrepresentation to the plaintiff's health and confidentiality breach as a result of this redress to the government on grievances. App. "K"

15. On February 26, 2007, the plaintiff submitted Formal Grievance appeal log # 07-6-08197 to the Secretary, who in concert with the parties false misrepresentation, denied relief. App. "L"

16. On March 8, 2007, the plaintiff submitted Informal Grievance log # 07-510-883 to the Asst. Warden, to W. Davenport, law librarian, interfer-

ence with his access to the court, impermissible screening of his legal materials trusted to the law clerks for photocopies, returned without action. App. "M"

17.   On the same date, the plaintiff was written a falsified (DR) by officer, D. Frizziola, violation code 6-1, Disobeying Order in concert with a pattern of DR's to remain the plaintiff CM1. App. "N"

18.   On March 15, 2007, approximately 1:30 P.M., the plaintiff's disciplinary hearing convened, wherein he pleaded, not guilty.

19.   Nevertheless, the team members classification, J. W. Licata; and lieutenant, S.C. Otwell, in concert with Frizziola misconduct and false misrepresentation to prior orders, found the plaintiff guilty based on the false statements, sentencing him to (30) days probation consecutive with (30) days forfeited gain-time. App. "O"

20.   On March 20, 2007, the plaintiff submitted Formal Grievance appeal log # 0703-510-158 to the Warden in complain of the fabricated (DR) by officer, D. Frizziola, and P. Mann's fabricated investigation procedures, and misrepresentation to video statement, denied relief. App. "P"

21. On the same date, the plaintiff submitted Formal Grievance appeal log # 0703-510-159 to the Warden, who in concert with Davenport's pattern of violations to indigent inmates legal materials per F.A.C. 33-601.800, denied relief. App. "Q"

22. On March 28, 2007, the plaintiff submitted Formal Grievance appeal log # 07-6-08889 to the Secretary, who in concert with the institutions failure to investigate train and/or supervise staffs, denied relief. App "R"

23. On the same date, the plaintiff submitted Formal Grievance appeal log # 07-6-06829 to the Secretary, who approved the necessary legal materials for court purposes. App. "S"

24. On April 3, 2007, the plaintiff's CM board review convened to include members; B. Mount, S. Porter, S. Roddenberry, who in concert with officials misconduct, denied modification based on the false disciplinary procedures, wherein he submitted written Consideration for Review. App. "T"

25. On April 6, 2007, the plaintiff submitted Formal Grievance appeal log # 0704-510-049 to the Warden, who in concert precluded modification and demand to open-population in violation F.A.C. 33-601.800(16)(d-e). App. "U"

26. On April 16, 2007, the plaintiff submitted Formal Grievance appeal log

# 07-6-10485 to the Secretary; who in concert with the institutions response; failed to train and supervise staffs to the CM rules predicated by the Osterback judgment to modification and open-population. App. "V"

27.    On May 18, 2007, the plaintiff submitted request to; Ms. England, Grievance Coordinater, in request for her to contact the Secretary in regards to receipts or disposition to Formal Grievance appeals log #'s 0702-510-213; 0704-510-106; 0704-510-107. App. "W"

28.    On May 24, 2007, the plaintiff gained receipt log # 06-6-30384 via correspondence letter from Celeste Kemp, Chief Bureau of Inmate Grievance Appeals reference log # 0702-510-213. App. X

29.    On June 14, 2007, the plaintiff submitted Formal Grievance appeal log # 0706-510-101 to the Warden in compliance with receipt letter, wherein; S. Porter, Asst. Warden, deviated in response; returning without action. App. "Y"

30.    On the same date, the plaintiff submitted Informal Grievance log # 07-510-2015 to the mailroom personnel in complain of his incoming and outgoing routine mail correspondence withheld or returned to include requests, grievances, as a result of his redress to the government on grievances. App. "Z"

31.   On June 19, 2007, the plaintiff submitted Informal Grievance log # 07-510-2093 in complain of (DOC) Department of Corrections phone monitoring or recording inherent in the invalid (ITANL) Inmate Telephone Agreement and Number List, to breach the right to privacy, in violation F.A.C. 33-602.205 (i). App. "AA"

32.   On the same date, the plaintiff submitted Informal Grievance log # 07-510-2092 in complain of (DOC) and MCI collusion to inactive phone numbers 0622 & 6097 via deceptive practices to compel family's to convert their services via rules and rates incurred by the (ITANL), denied relief. App. "BB"

33.   On June 22, 2007, the plaintiff submitted Formal Grievance appeal log # 07-6-17351 to the Secretary, in complain of the institutions failure to provide the plaintiff with receipt or response to Formal Grievance appeal log # 06-6-30384 reference log # 0706-510-101, returned without action. App. "CC"

34.   On June 26, 2007, the plaintiff submitted Formal Grievance appeal log # 0706-510-198 to the Warden; however, S. Porter, in concert with her

previous response and mailroom personnel misconduct, denied relief. App "DD"

35.   On June 28, 2007, the plaintiff submitted Formal Grievance appeal log # 0706-510-212 to the Warden; S. Porter, in concert with the divulged invasion of privacy; as a result of the plaintiff's redress to the government on grievances, denied relief. App. "EE"

36.   On the same date, the plaintiff submitted Formal Grievance appeal log # 0706-510-213 to the Warden; S. Porter, in concert with MCI; and the deprivation of the plaintiff's communication rights; as a result of his redress to the government on grievances, denied relief. App. "EE"

37.   On July 11, 2007, the plaintiff submitted Formal Grievance appeal log # 07-6-18612 to the Secretary; who in concert with the institutions mailroom personnel's negligent and fraudulent misrepresentation; denied relief. App. "GG"

38.   On July 16, 2007, the plaintiff submitted Formal Grievance appeal log # 07-6-19082 to the Secretary; who in concert with MCI and the institutions response; breach their contract inherent in the (ITANL) compelled via rules and rates to the plaintiff's telephone communication services. App. "HH"

## Claims for Relief

39.  The defendants Frizziola, Gonnelly, P. Mann, Stevenson, Otwell, Licata, Skipper, Tomlinson, Roddenberry, Porter, Johnson, and McDonough while acting under the color of state law, deliberately and maliciously committed fraud, to wit, written false reports or statements, in a pattern of practice to remain the plaintiff CM status; that he disrespected an official, disobeyed a verbal order, such that the defendants Knew was false; in which the plaintiff were in reliance of the statements, and the defendants is jointly and severally liable for the damages it cause, or is liable vicariously for the damages it cause, or is liable in their supervisory position, or is liable as having a policy or custom of Knowingly allowing false reports or statements to constitute fraud, and all defendants is jointly and severally liable for monetary damages in their individual capacities under Florida law.

40.  The defendants (DOC) and MCI while acting under the color of state law, deliberately and maliciously committed invasion of the plaintiff's privacy rights, to wit, divulged private communications authorized by an invalid contractual agreement via automated device by unathorized persons in violation of F.A.C. 33-602.205 (i) such that the defendants is jointly and severally liable for the damages it cause, or is liable vicariously for the damages it cause,

or is liable as having a policy or custom of Knowingly allowing divulged privacy to constitute invasion of privacy, and the defendants is jointly and severally liable for monetary damages in their official capacities under Florida law.

41.  The defendants (DOC) and MCI while acting under the color of state law, deliberately and maliciously breached their contractual agreement inherent in the plaintiff's invalid (ITANL) Inmate Telephone Agreement and Number List, to wit; failure to provide the plaintiff communication services in accordance to the defendants contract agreement to constitute breach of contract, such that the defendants is jointly and severally liable for the damages it cause, or is vicariously liable for the damages it cause, or is liable as having a policy or custom of Knowingly allowing (DOC) and MCI to breach their contracts to the telephone services of the plaintiff, and all defendants is jointly and severally liable for monetary damages in their official capacities under Florida law.

42.  The defendants  McDonough and (DOC) while acting under the color of state law, deliberately and maliciously committed **negligence**, to wit, failure to train and/or supervise Frizziola, P. Mann, Gonnelly, Stevensen, Otwell, Mount, Roddenberry, Licata, Skipper, Tomlinson, Porter, Davenport, and Johnson in the performance of their duties, to wit, negligently failed to train and/or super-

vise (DOC) staffs not to falsify reports, records or statements, modification and open population in accordance with the Osterback judgment, investigation procedures to constitute negligence, such that the defendants McDonough and (DOC) is jointly and severally liable for the damages it cause, or is liable vicariously for the damages it cause; and the defendants is liable for monetary damages in their individual and official capacities under Florida law.

43. The defendants Stevenson, and Otwell while acting under the color of state law, deliberately and maliciously found the plaintiff guilty of disrespect to an official; despite the fact that the evidence presented by the plaintiff pointed to his innocence, to wit, Sgt. Norstrom's testimony that he heard a conversation in the quad with Gonnelly, but could not determine which inmate, was sufficient evidence to find the plaintiff, not guilty, to the camera showing Sgt. Norstrom present at cell # 3206 adjacent the plaintiff in cell # 3205 on the date of the incident to constitute a deliberate indifference, denied the plaintiff due process of law in violation of the Fourteenth Amendment to the United States Constitution, and the defendants are jointly and severally liable for monetary damages in their individual capacities under Federal law.

44. The defendants Johnson, and McDonough, while acting under the color of state law, deliberately and maliciously refused to overturn the plaintiff's

disciplinary convictions, despite their knowledge of unyielding reprisal attacks upon the plaintiff constituted a deliberate indifference, denied the plaintiff due process of law in violation of the Fourteenth Amendment to the United States Constitution, and the defendants is jointly and severally liable for monetary damages in their individual capacities under Federal law.

45. The defendant, W. Davenport, while acting under the color of state law, deliberately and maliciously denied the plaintiff of indigent legal materials to interfere with his access to the court, impermissibly screening his legal petitions trusted to the law clerks for photocopies constituted a deliberate indifference, denied due process of law in violation of the First and Fourteenth Amendments to the United States Constitution, and the defendant is liable for monetary damages in his individual capacity under Federal law.

46. The defendants (DOC) and MCI while acting under the color of state law, deliberately and maliciously denied the plaintiff of his telephone access to inactive phone numbers via deceptive practices to convert the plaintiff's telephone services, such that the defendants is jointly and severally liable for the damages it cause, or is liable vicariously for the damages it cause, in violation of the First Amendment to the United States Constitution, and the defendants is jointly and severally liable for monetary damages in their official capacities under Federal law.

47.  The defendants Porter, Vartiainen, and McDonough, while acting under the color of state law, deliberately and maliciously denied the plaintiff notice or receipt to his routine mail correspondence, plaintiff's mail returned to sender with the correct postage and addresses, to comprise of requests, grievances, in violation of the First and Fourteenth Amendments to the United States Constitution; and the defendants is jointly and severally liable for the damages it cause, or is vicariously liable for the damages it cause, and all the defendants is jointly and severally liable for monetary damages in their individual capacities under Federal law.

48.  The defendants Porter, Mount, Tomlinson, Roddenberry, Skipper, while acting under the color of state law; deliberately and maliciously denied the plaintiff CM modification and demand for open population, based solely on the false reports; deprived the plaintiff of his constitutional and substantive rights under the Osterback judgment to constitute a deliberate indifference, denial of due process of law to the Fourteenth Amendment to the United States Constitution, such that the defendants is jointly and severally liable for the damages it cause, or is liable vicariously for the damages it cause, and the defendants is jointly and severally liable for monetary damages in their individual capacities under Federal law.

49.  All the defendants while acting under the color of state law; deliberately and maliciously committed retaliation against the plaintiff, to wit, falsified

disciplinary reports, denial of indigent legal materials, denial of Osterback jud-
gment to modification and open population, negligent and fraudulent misrepresent-
ation, fabricated investigation procedures, divulged privacy rights, denial of
telephone access, breach of contract, denial of routine mail communications,
all in a pattern of practice to remain the plaintiff CM status, such that the def-
endants is jointly and severally liable for the damages it cause, or is vicariously
liable for the damages it cause, or is liable as having a policy or custom of Know-
ingly allowing cumulative acts of retaliation for the plaintiff's redress to the
government on grievances, in violation of the First and Eighth Amendments to
the United States Constitution, and all the defendants is jointly and severally
liable for monetary damages in their individual and official capacities under
Federal law.

50.  All the defendants while acting under the color of state law, deliberately
and maliciously committed conspiracy in evidence of all the cumulative acts ab-
ove in such pattern of practice to constitute conspiracy, to wit, remain the plain-
tiff CM status, denial of telephone access, denial of routine mail, denial of indigent
legal materials, fabricated DR's and investigation procedures, negligent and fraudul-
ent misrepresentation, divulged privacy rights, breach of contract, that the defend-
ants is jointly and severally liable for the damages it cause, or is vicariously liable for
the damages it cause, or is liable as having a policy or custom of Knowingly all-
owing cumulative acts of conspiracy, and all the defendants is jointly and severally

liable for monetary damages in their individual and official capacities under Florida law.

51.  The defendants Gonnelly, Frizziola, P. Mann, Vartiainen while acting under the color of state law deliberately and maliciously committed negligent and fraudulent misrepresentation, to wit, written false reports and statements, that the plaintiff disrespect an official, disobeyed a verbal order, routine mail correspondence returned to sender without notice or receipt, written fabricated multiple orders of sheets on bed on 2-9-07, friday, when sheets day is on thursday's, written fabricated statement that the plaintiff refused video statement, and all the defendants knew their statements to be false, in which the plaintiff were in reliance on the statements to constitute negligent and fraudulent misrepresentation, such that the defendants is jointly and severally liable for the damages it cause, and all defendants is jointly and severally liable for monetary damages in their individual capacities under Florida law.

52.  All the defendants while acting under the color of state law maliciously and sadistically cause the plaintiff emotional/mental distress to the above cumulative acts of the defendants pattern of practice to retaliation, such that it inflicted psychological pains, intimidation, marital problems, weight loss, loss of sleep, shock, and humiliation, and the defendants is jointly

and severally liable for the damages it cause, or is liable vicariously for the damages it cause, or is liable as having a policy or custom Knowingly allowing cumulative acts that inflict emotional/mental damages; and all the defendants is liable for monetary damages in their individual and official capacities.

## Relief Requested

WHEREFORE, the plaintiff requests the court grant the following relief:

A. Issue declaratory judgment stating that:

1. The fabricated disciplinary reports by defendants Gonnelly, and Frizziola violated the plaintiff's rights under the Fourteenth Amendment to the United States Constitution and constituted fraud under Florida law.

2. Defendants Licata, Otwell, Mount, Tomlinson, Johnson, Porter, Skipper, Roddenberry, Stevenson's failure to find the plaintiff, not guilty; or modify his CM status constituted a deliberate indifference, denial of due process of law in failure to overturn convictions, violated plaintiff's rights under the Fourteenth Amendment to the United States Constitution.

3. Defendants actions in a pattern of practice constituted cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

B.  Issue injunction ordering defendants Johnson, and McDonough to:

1.  Release the plaintiff from CM and place him in general population, with restoration of all rights and privileges;

2.  Expunge the disciplinary reports and convictions described in the complaint from the plaintiff's penal files;

3. Enjoin the defendants and its agencies from further acts of retaliation for the plaintiff's redress to the government on grievances;

4. Immediately activate the plaintiff's active phone numbers that he may communicate with his elderly mother, for nothing is or has been wrong with their number or phone services.

C.  Award compensatory damages in the following amounts:

1. $ 100,000 jointly and severally against defendants for emotional mental injuries sustained as a result of retaliation.

2. $ 10,000 jointly and severally against defendants for emotional mental injuries sustained as a result of fraud.

3. $ 10,000 jointly and severally against defendants for emotional mental injuries sustained as a result of invasion of privacy.

4. $ 20,000 jointly and severally against defendants for emotional mental injuries sustained as a result of breach of contract.

5. $ 20,000 jointly and severally against defendants for emotional mental injuries sustained as a result of negligence.

6. $ 10,000 jointly and severally against defendants for emotional mental injuries sustained as a result of denial of due process in connection with the plaintiff's disciplinary reports, and investigation procedures, coupled with modification and open population.

7. $ 10,000 jointly and severally against defendants for emotional mental injuries sustained as a result of deliberate indifference.

8. $ 50,000 jointly and severally against defendants, entities or agencies for emotional mental injuries sustained as a result of the First and Fourteenth Amendments to the United States Constitution.

9. $ 10,000 jointly and severally against defendants for emotional mental injuries sustained as a result of negligent and fraudulent misrepresentation.

10. $20,000 jointly and severally against defendants for emotional mental injuries sustained as a result of conspiracy.

D.  Award punitive damages in the following amounts jointly and severally against the defendants:

    1.  As to each defendants as the compensatory amounts sketched out in the claims for relief to each named defendant therein.

E.  Grant such other relief as it may appear that the plaintiff is entitled; and,

Plaintiff demands trial by jury.

On this 13th day of September, 2007.

I, Donald Hall, declare under the penalty of perjury that the facts herein are true and correct. §92.525 Fla. Stat.

/s/ Donald Hall

Donald Hall, Plaintiff
DC# 384929
Charlotte Correctional Institution
33123 Oil Well Road
Punta Gorda, Florida 33955