**FILED**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

2008 JAN 30 PM 5:03

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

DONALD HALL,

    Plaintiff,

vs.                Case No. 2:07-cv-603-FtM-34DNF

SECRETARY, DOC, MCI TELECOMMUNICATIONS, ADRO L. JHNSON, Warden, S. PORTER, Assistant Warden, B. MOUNT, Head Classification, L. STEVENSON, Classification, J.W. Liccata, Classification, P. SKIPPER, Assistant Warden, W. DAVENPORT, Law Librarian, R. TOMLINSON, Major, S. RODDENBERRY, Major, MR. VARTIAINEN, Mailroom Personnel, S.C. OTWELL, Lieutenant, M. GONNELLY, CO1 Officer, D. FRIZZIOLA, CO1 Officer, P. MANN, CO1 Investigator Officer,

    Defendants.

_____

### ORDER[1]

This matter comes before the Court upon Plaintiff's Motion for Reconsideration filed January 24, 2008 (Doc. #12, "Motion"). Plaintiff asks that the Court reconsider its January 10, 2008, Order (Doc. #10) dismissing Plaintiff's Complaint without prejudice pursuant to 28 U.S.C. § 1915(g).

A motion for reconsideration filed within ten (10) days of the judgment it seeks to reopen is properly designated as filed

---

[1]This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically. However, it has been entered only to decide the matters addressed herein and is not intended for official publication or to serve as precedent.

pursuant to Fed. R. Civ. P. 59(e). Mahone v. Ray, 326 F.3d 1176, 1178, n.1 (11th Cir. 2003). Rule 59(e) affords the Court substantial discretion to reconsider an order which it has entered. See Mincey V. Head, 206 F.3d 1106, 1137 (11th Cir. 2000); Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994). There are three grounds that justify granting a Rule 59 motion: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. See Kelley v. Singletary, 238 F. Supp. 2d 1325 (S.D. Fla. 2002); Offices Togolais Des Phosphates v. Mulberry Phosphates, Inc., 62 F. Supp. 2d 1316, 1331 (M.D. Fla. 1999). A Rule 59 motion is not intended as a vehicle to re-litigate old matters, raise new arguments or present evidence that could have been raised prior to the entry of judgment. Michael Linet, Inc. V. Village of Wellington, Fla., 408 F.3d 757 (11th Cir. 2005).

Although not entirely discernable, it appears that Plaintiff contends that the above captioned action was opened in error when Plaintiff submitted a motion for appointment of counsel in his previously filed case at no. 2:07-cv-313-FtM-34DNF. Motion at 1. Plaintiff further argues that the frustration of his "*pro se* litigation and appeals" constitutes an "inherent physical injury." Motion at 2.

The Court dismissed Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983 without prejudice pursuant to 28 U.S.C. § 1915(g) due to Plaintiff's three strike status and the Court's finding that Plaintiff was not in imminent danger of serious physical injury. January 10, 2008, Order at 3. The Court finds no merit to either of Plaintiff's grounds for reconsideration and will deny the Motion.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion for Reconsideration (Doc. #12) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida, on this 30th day of January, 2008.

MARCIA MORALES HOWARD
UNITED STATES DISTRICT JUDGE

SA: hmk
Copies: All Parties of Record